FILED

MAR 2 2 2007

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                /DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DEL RIO DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § § | **DR07CA011** |
| VISITING NURSES OF DEL RIO, INC., | § § § | <u>COMPLAINT</u><br>JURY TRIAL DEMAND |
| Defendant. | § § | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of national origin, Hispanic, and retaliation. This action is also being brought to provide appropriate relief to Araceli Meza and a class of similarly situated Hispanics, who were adversely affected by such practices. More specifically, the Equal Employment Opportunity Commission (the "Commission") alleges that Visiting Nurses of Del Rio, Inc. subjected Araceli Meza and a class of similarly situated Hispanics to a hostile work environment on the basis of their national origin, Hispanic, in violation of Section 703(a) of Title VII, and retaliated against Araceli Meza by, among other things, discharging her for complaining of this hostile work environment in violation of Section 704(a) of Title VII.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706 (f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title

VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Texas, Del Rio Division.

## PARTIES

3. Plaintiff, the Commission, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Visiting Nurses of Del Rio, Inc. ("Visiting Nurses"), has continuously been a corporation doing business in the State of Texas and the City of Del Rio, and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Visiting Nurses has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Araceli Meza filed a charge with the Commission alleging violations of Title VII by Defendant Visiting Nurses. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2002, Defendant Visiting Nurses engaged in unlawful employment practices at its Del Rio, Texas facility, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) including the following:

    a. Defendant Visiting Nurses maintained a hostile work environment wherein Araceli Meza and a class of similarly situated Hispanics were frequently

    subjected to harassment including degrading remarks, slurs and derogatory insults based on their national origin; and

 b. Retaliating against Araceli Meza by, among other things, discharging her for complaining about the hostile work environment.

 8. The effect of the practices complained of in paragraph seven above has been to deprive Araceli Meza and a class of similarly situated Hispanics of equal employment opportunities and to otherwise adversely affect their status as employees because of their national origin, Hispanic.

 9. The unlawful employment practices complained of in paragraph seven above were intentional.

 10. The unlawful employment practices complained of in paragraph seven above were done with malice or with reckless indifference to the federally protected rights of Araceli Meza and a class of similarly situated Hispanics.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

 A. Grant a permanent injunction enjoining Defendant Visiting Nurses, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a hostile work environment based on national origin, Hispanic; from retaliating against employees who oppose or complain about such practices; and from any other employment practice which discriminates on the basis of national origin, Hispanic, or which facilitates, condones, or encourages national origin-based harassment and/or retaliation against employees who oppose or complain about such harassment;

 B. Order Defendant Visiting Nurses to institute and carry out policies, practices, and programs which provide equal employment opportunities and a non hostile work environment for Hispanics, and for employees who oppose or complain about discrimination, and which

eradicate the effects of its past and present unlawful employment practices;

C. Order Defendant Visiting Nurses to make whole Araceli Meza, by providing appropriate back pay with prejudgment interest, in an amount to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to reinstatement of Araceli Meza or front pay in lieu thereof;

D. Order Defendant Visiting Nurses to make whole Araceli Meza and a class of similarly situated Hispanics, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, relocation expenses, medical expenses and job search expenses, in an amount to be determined at trial;

E. Order Defendant Visiting Nurses to make whole Araceli Meza and a class of similarly situated Hispanics, by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in paragraph seven above, including, but not limited to, emotional pain and suffering, humiliation, anxiety, inconvenience, mental anguish, and loss of enjoyment of life, in an amount to be determined at trial;

F. Order Defendant Visiting Nurses to pay Araceli Meza and a class of similarly situated Hispanics punitive damages for its malicious and/or reckless conduct described in paragraph seven above, in an amount to be determined at trial;

G. Grant such further relief as the Court deems necessary and proper in the public interest; and

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

*Robert A. Canino by Robert Harwin with permission*
ROBERT A. CANINO
Regional Attorney
Oklahoma State Bar No. 011782

*Robert B. Harwin*
ROBERT B. HARWIN
Associate Regional Attorney
District of Columbia Bar No. 076083

*Judith Taylor*
JUDITH G. TAYLOR
Supervisory Trial Attorney
Texas Bar No. 19708300
e-mail: judith.taylor@eeoc.gov

*Jennifer Randall*
JENNIFER RANDALL
Trial Attorney
Colorado State Bar No. 033240
e-mail: jennifer.randall@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
San Antonio Field Office
5410 Fredericksburg Rd., Suite 200
San Antonio, Texas 78229-3555
Telephone: (210) 281-7636
Facsimile: (210) 281-7669

**ATTORNEYS FOR PLAINTIFF**